UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

| | |
|---|---|
| TANISHA VAUGHN, ) | |
| ) | CIVIL COMPLAINT |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | CASE NO. 2:19-CV-773 |
| ALLIANT CAPITAL MANAGMENT ) | |
| LLC c/b/a ACM LLC, ) | |
| ) | |
| Defendant. ) | **JURY DEMAND** |

## COMPLAINT

Now comes TANISHA VAUGHN ("Plaintiff"), complaining as to the conduct of ALLIANT CAPITAL MANAGMENT LLC d/b/a ACM LLC ("Defendant").

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. § 1692 *et seq.*, the Racketeering Influenced Corrupt Organizations Act ("RICO") under 18 U.S.C. § 1961 *et seq.*, the Ohio Consumer Sales Practices Act ("CSPA") under Ohio Rev. Code Ann. § 1345 *et seq.*, and the Ohio Corrupt Practices Act ("OCPA") under Ohio Rev. Code Ann. § 2923.31 *et seq.*

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA and RICO. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1337 as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

[ 1 ]

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as Defendant conducts business in the Southern District of Ohio and a substantial portion of the events giving rise to the claims occurred within the Southern District of Ohio.

**PARTIES**

4. Plaintiff is a natural person residing in Franklin County, Ohio.

5. Defendant is a New York limited liability company with its headquarters in Amherst, New York.

6. Defendant holds itself out as a debt collection agency. *See Alliant Capital Management* (*last visited* Mar. 1, 2019), http://www.alliantcapital.net/ ("The Collection Agency For Every Business").

**FACTS SUPPORTING CAUSES OF ACTION**

7. On June 9, 2017, Plaintiff took out a $750 payday loan from Balance Credit.

8. At some point between that date and December 13, 2017, the loan went into default.

9. On December 13, 2017, Balance Credit sold Plaintiff's debt to Defendant.

10. Throughout 2018, Defendant placed numerous telephone calls to Plaintiff.

11. These calls originated from multiple telephone numbers, including (614) 779-0736.

12. Defendant left multiple voicemail messages when calling Plaintiff.

13. When Plaintiff returned one of these calls, she was shouted at, threatened with a lawsuit, and hung up on.

14. She was threatened with a lawsuit on at least one other occasion as well.

[ 2 ]

15. On reference and belief, Defendant rarely if ever files lawsuits against consumers.

16. As a result of Defendant's calls and threats, Plaintiff agreed to a payment plan and began payments to Defendant.

17. To date, Plaintiff has made $630 in payments to Defendant.

18. Defendant states that Plaintiff currently owes an additional $2,363.99 on the purported debt.

19. Defendant states that it has not charged additional interest to Plaintiff's account, and that the account was worth $2,993.99 when it received the account.

20. On information and belief, neither the underlying contract nor governing law permits the assessment of approximately 400% interest over six months.

21. Plaintiff has received no mail from Defendant.  On information and belief, Defendant has not sent any mail to Plaintiff and specifically has not sent the notice required by 15 U.S.C. § 1692g, commonly known as the "1692g notice."

### COUNT I — VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff realleges the paragraphs above as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA because the principal purpose of the business is the collection of debts, and because Defendant uses the instrumentalities of interstate commerce to do so.  In the alternative, Defendant is a "debt collector" under § 1692(a)(6) because it regularly collects or

attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

25. Defendant is in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed, due, or asserted to be owed or due to others.

26. The subject debt is a "debt" as defined by FDCPA § 1692a(5) because the debt owed or due or asserted to be owed or due to another arises out of a transaction for personal, family, or household purposes, being in this case a purported payday loan used for personal purposes.

    a. **Violations of FDCPA § 1692e(2).**

27. The FDCPA, pursuant to 15 U.S.C. § 1692(e)(2)(A), prohibits "[t]he false representation of the character, amount, or legal status of any debt."

28. Defendant falsely represented the amount of Plaintiff's debt when stating that it was $2,363.99 for a $750 loan on which she has already paid $630.

29. The natural consequence of Defendant's acts was to confuse, harass, intimidate, and worry Plaintiff.

    b. **Violations of FDCPA § 1692e(5).**

30. FDCPA, pursuant to 15 U.S.C. § 1692e(5), prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken."

31. Defendant violated this provision by threatening to bring civil litigation that it had no intention to bring.

32. The natural consequence of Defendant's acts was to was to confuse, harass, intimidate, and worry plaintiff.

    **c. Violations of FDCPA § 1692g(a).**

33.    The FDCPA, pursuant to 15 U.S.C. § 1692g(a) requires the sending of a notice "within five days after the initial communication with a consumer in connection with the collection of any debt . . ."

34.    Defendant violated § 1692g(a) when it did not provide the required notice within five days of initial communication.

35.    The natural consequence of Defendant's act was to prevent Plaintiff from becoming aware of her rights and thereby magnify the confusing, harassing, intimidating, and worrying effects of Defendants' other acts.

## COUNT II — VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

36.    Plaintiff realleges the paragraphs above as though fully set fourth herein.

37.    The CSPA, pursuant to R.C. 1345.02(A), states that "[n]o supplier shall commit an unfair or deceptive practice in connection with a consumer transaction."

38.    Plaintiff is a "person" as defined by R.C. 1345.01(B).

39.    Defendant is a "supplier[s]" as defined by R.C. 1345.01(C). *Taylor v. First Resolution Invest. Corp.*, 72 N.E.3d 573, 600 (Ohio 2016), *cert. denied sub nom. First Resolution Inv. Corp. v. Taylor-Jarvis*, 137 S. Ct. 398 (2016).

40.    Debt collection is a "consumer transaction" as defined by R.C. 1345.01(A).

41.    R.C. §1345.09(B) thus grants Plaintiff a private right of action against Defendant for $200 per violation of the CSPA, plus noneconomic damages of up to $5,000 per violation in an amount to be determined at trial, plus attorney fees.

[ 5 ]

42. Defendant committed unfair or deceptive acts or practices in violation of the CSPA, R.C. 1345.02(A), when Defendant engaged in acts and practices in violation of the FDCPA as set forth above.

43. Such acts and practices have been previously determined by Ohio courts to violate the CSPA, R.C. 1345.01 *et seq.* *See, e.g.*, *Kelly v. Montgomery Lynch & Assocs., Inc.*, No. 1:07-CV-919, 2008 WL 1775251, at *11 (N.D. Ohio Apr. 15, 2008) ("[A]ny violation of any one of the enumerated sections of the FDCPA is necessarily an unfair and deceptive act or practice in violation of R.C. § 1345.02 and/or § 1345.03").

44. Defendant committed such actions after such decisions were available for public inspection pursuant to R.C. 1345.05(A)(3).

45. Defendant's actions therefore violated the CSPA, and Plaintiff is entitled to compensation.

46. Under the CSPA, the Court may award a multiplier for attorney fees for contingency fee cases, such as this one. *Davis v. Mut. Life Ins. Co. of New York*, 6 F.3d 367, 383 (6th Cir. 1993) (citing *Bittner v. Tri-Cty. Toyota, Inc.*, 569 N.E.2d 464 (Ohio 1991)).

### COUNT III — RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

47. The Racketeer Influenced and Corrupt Organizations Act ("RICO"), pursuant to 18 U.S.C. §§ 1962(b), prohibits "any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."

48. RICO, pursuant to 18 U.S.C. 1691(3), defines a "person" to include "any individual or entity capable of holding a legal or beneficial entity in property."

49. Defendant is a "person" within the meaning of § 1691(3).

50. RICO, pursuant to 18 U.S.C. § 1691(4), defines an "enterprise" as "any individual, partnership, corporation, association, or other legal entity, and any union or group if individuals associated in fact although not a legal entity.

51. Defendant is an "enterprise" within the definition of § 1691(4).

52. RICO, pursuant to 18 U.S.C. § 1691(1), defines "racketeering activity" to include "any act or threat involving . . . extortion . . . which is chargeable under State law," and "any act which is indictable under . . . section 1343 (relating to wire fraud)."

53. Ohio law, pursuant to R.C. 2905.11, defines "extortion" by stating: "No person, with purpose to obtain any valuable thing . . . shall do any of the following: . . . (4) Utter or threaten any calumny against any person; (5) Expose or threaten to expose any matter tending to subject any person to hatred, contempt, or ridicule, or to damage any person's personal or business repute, or to impair any person's credit."

54. RICO, pursuant to 18 U.S.C. § 1691(5), defines a "pattern of racketeering activity" to require "at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) after the commission of a prior act of racketeering activity."

55. Defendant participated in a "pattern of racketeering activity" within the meaning of § 1691(5) when it, two or more times, threatened Plaintiff with a civil suit that it did not intend to bring but that, if brought, would expose Plaintiff to hatred, contempt, or ridicule and would damage Plaintiff's personal repute, with the intent to intimidate Plaintiff into making additional payments.

56. 18 U.S.C. § 1343 states that "[w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of fraudulent premises . . . transmits or causes to be transmitted by wire . . . any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined under this title or imprisoned not more than 20 years, or both."

57. Defendant participated in a "pattern of racketeering activity" by transmitting to Plaintiff, by email and telephone, writings and sounds intended to cause Plaintiff to believe that Defendant would bring suit against Plaintiff and thereby to cause Plaintiff to make payments on an improperly-inflated debt.

58. Defendant therefore violated 18 U.S.C. § 1692, and Plaintiff suffered $630.00 in economic damages thereby.

### COUNT IV — OHIO CORRUPT PRACTICES ACT

59. The Ohio Corrupt Practices Act ("OCPA"), pursuant to R.C. 2923.32(A)(1), provides that "[n]o person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt."

[ 8 ]

60. The OCPA, pursuant to R.C. 2923.31(G) and R.C. 1.59, defines the term "person" to include an individual, corporation, business trust, estate, trust, partnership, and association.

61. Defendant is a "person" within the meanings of R.C. 2923.31(G) and R.C. 1.59.

62. The OCPA, pursuant to R.C. 2923.31(C), defines an "enterprise" to include "any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of persons associated in fact although not a legal entity."

63. Defendant is an "enterprise[s]" within the definition of R.C. 2923.31(C).

64. The OCPA, pursuant to R.C. 2923.31(I)(1), defines "corrupt activity" to include all conduct defined as "racketeering activity" under RICO.

65. The OCPA, pursuant to R.C. 2923.31(E), defines a "pattern of corrupt activity" to mean "two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event."

66. Defendant violated R.C. 2923.32(A)(1) by participating in the affairs of an enterprise through multiple incidents of corrupt activity as described in Count III above.

67. The OCPA, pursuant to 2923.34(E) provides that "[i]n a civil proceeding under division (A) of this section, any person directly or indirectly injured by conduct

[ 9 ]

in violation of section 2923.32 of the Revised Code . . . shall have a cause of action for triple the actual damages the person sustained."

WHEREFORE, Plaintiff respectfully requests judgment as follows:

 **a.** Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

 **b.** Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

 **c.** Awarding Plaintiff actual damages, as provided under 15 U.S.C. § 1692k(a)(1);

 **d.** Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

 **e.** Awarding Plaintiff $200 per violation of the CSPA, plus noneconomic damages up to $5,000 per violation in an amount to be determined at trial, plus reasonable attorney fees;

 **f.** Awarding Plaintiff's counsel an enhancement or multiplier of attorney fees of not less than 1.5 pursuant to the CSPA;

 **g.** Awarding Plaintiff $1,890 ($630 x 3) as trebled economic damages under 18 U.S.C. § 1694(c) and R.C. 2923.34(E);

 **h.** Awarding Plaintiff treble her other actual damages under R.C. 2923.34(E);

 **i.** Awarding Plaintiff the costs of this action; and

 **j.** Awarding any other relief as this Honorable Court deems just and appropriate.

**A TRIAL BY JURY IS DEMANDED.**

Dated:  March 4, 2019

                                             By:  s/ Geoffrey Parker

                                             Jonathan Hilton (0096049)
                                             HILTON PARKER LLC
                                             10400 Blacklick-Eastern Rd NW, Suite 110
                                             Pickerington, OH 43147
                                             Tel: (614) 992-2277
                                             Fax: (614) 427-5557
                                             gparker@hiltonparker.com
                                             *Attorney for Plaintiff*